**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and Defendants Lehman
Brothers Derivative Products Inc. and Lehman
Brothers Holdings Inc. and Debtor, Defendant and
Counterclaim Plaintiff Lehman Brothers Special
Financing Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |
| MICHIGAN STATE HOUSING DEVELOPMENT AUTHORITY, a public body corporate, | |
| Plaintiff/ Counterclaim Defendant, | Adv. Proc. No. 09-01728 |
| v. | |
| LEHMAN BROTHERS DERIVATIVE PRODUCTS INC. AND LEHMAN BROTHERS HOLDINGS INC., | |
| Defendants, | |
| - and – | |
| LEHMAN BROTHERS SPECIAL FINANCING INC., | |
| Defendant/ Counterclaim Plaintiff. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF THE DEFENDANTS
AND COUNTERCLAIM OF LEHMAN BROTHERS SPECIAL FINANCING INC.**

Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure and Rule 12 of the Federal Rules of Civil Procedure, Defendants Lehman Brothers Derivative Products Inc. ("LBDP"), Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Holdings Inc. ("LBHI) (collectively, the "Defendants"), by their attorneys Weil, Gotshal & Manges LLP, responds to the Complaint of plaintiff Michigan State Housing Development Authority ("MSHDA") as follows:[1]

## INTRODUCTION

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, except Defendants deny that any funds have been wrongfully retained and that Michigan law applies to this action.

2. Defendants deny paragraph 2 of the Complaint, except they admit that LBDP entered into an ISDA Master Agreement dated as of May 10, 2000 and refer to the ISDA Master Agreement for its true and complete contents.

3. Defendants deny the first sentence of paragraph 3 of the Complaint and refer to the invoices for their true and complete contents. Defendants deny the second and third sentences of paragraph 3 of the Complaint.

4. Defendants deny the first sentence of paragraph 4 of the Complaint. The second sentence of paragraph 4 of the Complaint states a legal conclusion and therefore no response is required. To the extent a response is required, the Defendants deny the second sentence of paragraph 4 of the Complaint.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Complaint.

## PARTIES

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Defendants admit paragraph 6 of the Complaint, except they deny that LBDP has a principal place of business at 745 Seventh Avenue, New York, New York 10019.

7. Defendants admit paragraph 7 of the Complaint.

8. Defendants deny paragraph 8 of the Complaint, except they admit the LBSF is a corporation organized and incorporated under the laws of Delaware.

9. Defendants admit paragraph 9 of the Complaint.

10. Defendants admit paragraph 10 of the Complaint, except they deny that LBHI has a principal place of business at 745 Seventh Avenue, New York, New York 10019.

11. Defendants admit paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint states a legal conclusion and therefore no response is required.

13. Paragraph 13 of the Complaint states a legal conclusion and therefore no response is required.

## JURISDICTION AND VENUE

14. Paragraph 14 of the Complaint states a legal conclusion and therefore no response is required.

15. Paragraph 15 of the Complaint states a legal conclusion and therefore no response is required.

16. Paragraph 16 of the Complaint states a legal conclusion and therefore no response is required.

17. Paragraph 17 of the Complaint states a legal conclusion and therefore no response is required.

18. Paragraph 18 of the Complaint states a legal conclusion and therefore no response is required.

## COMMON ALLEGATIONS

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Defendants admit paragraph 21 of the Complaint.

22. Defendants deny paragraph 22 of the Complaint, except they admit that LBDP assigned the ISDA Master Agreement to LBSF on September 16, 2008.

23. Defendants deny paragraph 23 of the Complaint and refer to the Master Agreement for its true and complete contents.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Defendants deny paragraph 25 of the Complaint and refer to the documents cited therein for their true and complete contents.

26. Defendants deny paragraph 26 of the Complaint.

27. Defendants deny paragraph 27 of the Complaint and refer to the documents cited therein for their true and complete contents.

28. Defendants deny paragraph 28 of the Complaint.

29. Defendants deny paragraph 29 of the Complaint.

30. Defendants deny paragraph 30 of the Complaint and refer to the documents cited therein for their true and complete contents.

31. Defendants deny paragraph 31 of the Complaint.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

## COUNT I
## COMMON LAW AND STATUTORY CONVERSION

33. The Lehman Defendants incorporate by reference and repeat, reallege and reiterate each and every response set forth in paragraphs 1 through 32 above as if fully set forth herein.

34. Paragraph 34 of the Complaint states a legal conclusion and therefore no response is required.

35. Paragraph 35 of the Complaint states a legal conclusion and therefore no response is required.

36. Paragraph 36 of the Complaint states a legal conclusion and therefore no response is required.

37. Paragraph 37 of the Complaint states a legal conclusion and therefore no response is required.

## WHEREFORE CLAUSE

Defendants deny that MSHDA is entitled to the relief sought in the "Wherefore Clause" that follows paragraph 37 of the Complaint.

## COUNT II
## UNJUST ENRICHMENT

38. The Lehman Defendants incorporate by reference and repeat, reallege and reiterate each and every response set forth in paragraphs 1 through 37 above as if fully set forth herein.

39. Paragraph 39 of the Complaint states a legal conclusion and therefore no response is required.

40. Paragraph 40 of the Complaint states a legal conclusion and therefore no response is required.

41. Paragraph 41 of the Complaint states a legal conclusion and therefore no response is required.

## WHEREFORE CLAUSE

The Lehman Defendants deny that MSHDA is entitled to the relief sought in the "Wherefore Clause" that follows paragraph 41 of the Complaint.

## COUNT III
## CONSTRUCTIVE TRUST

42. The Lehman Defendants incorporate by reference and repeat, reallege and reiterate each and every response set forth in paragraphs 1 through 41 above as if fully set forth herein.

43. Paragraph 43 of the Complaint states a legal conclusion and therefore no response is required.

44. Paragraph 44 of the Complaint states a legal conclusion and therefore no response is required.

45. Paragraph 45 of the Complaint states a legal conclusion and therefore no response is required.

### WHEREFORE CLAUSE

The Lehman Defendants deny that MSHDA is entitled to the relief sought in the "Wherefore Clause" that follows paragraph 45 of the Complaint.

### COUNT IV
### DECLARATORY JUDGMENT

46. The Lehman Defendants incorporate by reference and repeat, reallege and reiterate each and every response set forth in paragraphs 1 through 45 above as if fully set forth herein.

47. Paragraph 47 of the Complaint states a legal conclusion and therefore no response is required.

48. The Lehman Defendants deny paragraph 48 of the Complaint.

49. The Lehman Defendants deny paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint states a legal conclusion and therefore no response is required.

### WHEREFORE CLAUSE

The Lehman Defendants deny that MSHDA is entitled to the relief sought in the "Wherefore Clause" that follows paragraph 50 of the Complaint.

### COUNT V
### RELIEF FROM STAY

51. The Lehman Defendants incorporate by reference and repeat, reallege and reiterate each and every response set forth in paragraphs 1 through 50 above as if fully set forth herein..

52. Paragraph 52 of the Complaint states a legal conclusion and therefore no response is required.

53. The Lehman Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint states a legal conclusion and therefore no response is required.

## WHEREFORE CLAUSE

The Lehman Defendants deny that MSHDA is entitled to the relief sought in the "Wherefore Clause" that follows paragraph 54 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants expressly reserve the right to assert other defenses as they become known.

## COUNTERCLAIM OF LEHMAN BROTHERS SPECIAL FINANCING INC.

As and for its counterclaim, Counterclaim Plaintiff Lehman Brothers Special Financing Inc. ("LBSF") avers as follows:

### Nature of the Action

1. This is an action for breach of contract arising out of Counterclaim Defendant Michigan State Housing Development Authority's ("MSHDA") failure to properly determine the Termination Payment[2] due and owing to LBSF in connection with MSHDA's purported termination of that certain International Swaps and Derivatives Association Master

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the various transaction documents referenced herein.

Agreement, and supporting documents, dated as of May 10, 2000 (the "Swap Agreement"), under the valuation methodologies prescribed in the Swap Agreement. Notwithstanding its declaration of an Event of Default and Early Termination Date under the Swap Agreement, MSHDA failed to employ the agreed upon valuation methodologies in a manner designed to properly determine the Termination Payment due and owing to LBSF, thereby undervaluing the Termination Payment due and owing to LBSF. As a direct and proximate result of MSHDA's material breaches of the Swap Agreement, LBSF has been damaged.

## Parties

2. Counterclaim Plaintiff Lehman Brothers Special Financing Inc. is a corporation organized under the laws of the State of Delaware.

3. Upon information and belief, MSHDA was created by the legislature of the State of Michigan under Public Act 346 of 1966 and is codified at Michigan Compiled Laws (MCL) § 125.1401 *et seq.* MSHDA's central office is located at 735 E. Michigan Avenue, P.O. Box 30044, Lansing, Michigan 48909.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this matter under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157 and 1334.

5. This is a core proceeding under 28 U.S.C. § 157(b)(2).

6. Venue in this district is appropriate pursuant to 28 U.S.C. § 1409(a).

## Facts

7. On or about May 10, 2000, MSHDA entered into the Swap Agreement with Lehman Brothers Derivative Products Inc. ("LBDP").

8. By its terms, the Swap Agreement governs various derivative transactions between LBDP and MSHDA (each a "Transaction"), each of which was memorialized by documents or other confirming evidence (each a "Confirmation") exchanged between LBDP and MSHDA. Between May 2000 and July 2008, LBDP and MSHDA entered into a number of Transactions under the Swap Agreement. As of November 5, 2008, a number of those Transactions remained open.

9. On September 15, 2008, and periodically thereafter, Lehman Brothers Holdings Inc. and certain of its subsidiaries and affiliates commenced in the United States Bankruptcy Court for the Southern District of New York voluntary cases under chapter 11 of title 11 of the United States Code.

10. On September 16, 2008, LBDP assigned the Swap Agreement and each of the Confirmations for each of the Transactions thereunder to LBSF pursuant to an Assignment and Amendment Agreement. Following the assignment, LBSF became the counterparty to MSHDA with respect to the Transactions.

11. On October 3, 2008, LBSF commenced a voluntary case under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court of the Southern District of New York.

12. On November 5, 2008, MSHDA purported to declare an Event of Default under Section 5(a)(vii) of the Swap Agreement and designate November 5, 2008 as the Early Termination Date for the Transactions under the Swap Agreement.

13. By its terms, the Swap Agreement requires MSHDA to determine the value of the Termination Payment due and owing to LBSF as a result of MSHDA's Early Termination of the Transactions. The Swap Agreement further provides that MSHDA is

required to use the Second Method and Market Quotation methodology to determine the Termination Payment due and owing to LBSF in connection with the terminated Transactions. Despite this requirement, MSHDA purported to value three of the terminated Transactions according to the Loss methodology. As a result, MSHDA determined, according to its calculations, that the Termination Payment due and owing to LBSF was $36,566,618. After taking deductions or other credits, MSHDA determined that the net Termination Payment due and owing to LBSF was $36,346,426 (the "Net Termination Payment"). MSHDA subsequently paid the Net Termination Payment to LBSF.

14. MSHDA failed to properly value the terminated Transactions under the methodologies prescribed by the Swap Agreement, and thus it failed to properly determine the Termination Payment due and owing to LBSF under the Swap Agreement.

## COUNT I
### (Breach of Contract)

15. LBSF incorporates by reference and repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 14 above as if fully set forth herein.

16. Pursuant to the terms of the Swap Agreement, MSHDA was required to value the terminated Transactions under the valuation methodologies specified in the Swap Agreement to determine the Termination Payment due and owing to LBSF.

17. MSDHA failed to properly value the terminated Transactions under the valuation methodologies prescribed by the Swap Agreement and therefore it failed to properly determine the value of the Termination Payment due and owing to LBSF.

18. By failing to properly value the terminated Transactions under the methodologies prescribed by the Swap Agreement, MSHDA failed to properly determine the value of the Termination Payment in breach of the Swap Agreement.

19. As a direct and proximate result of MSHDA's failure to properly determine the Termination Payment in accordance with the Swap Agreement, MSHDA undervalued the Termination Payment due and owing to LBSF.

20. LBSF therefore has been damaged as a direct and proximate result of MSHDA's material breaches of the Swap Agreement.

21. Accordingly, and by reason of the foregoing, LBSF is entitled to an award of money damages in an amount to be determined at trial, plus applicable Accrued Interest on the entire Termination Payment calculated at the Applicable Rate and on the basis of daily compounding, from (and including) November 5, 2008 to (but excluding) the date on which the Termination Payment and all Accrued Interest thereon is paid.

## COUNT II
### (Unjust Enrichment)

22. LBSF incorporates by reference and repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 14 above as if fully set forth herein.

23. In the alternative, upon information and belief, at or about the time MSHDA purported to terminate the Transactions and the Swap Agreement, determine the Termination Payment and pay the Net Termination Payment to LBSF, MSHDA entered into replacement transactions pursuant to which MSHDA received value that it otherwise would not have received if it had not terminated the Transactions and the Swap Agreement.

24. Upon information and belief, as a result of MSHDA entering into such transactions, MSHDA has reaped an improper windfall to the detriment of LBSF in connection with the termination of the Transactions and the Swap Agreement.

25. As a result of the foregoing, MSHDA has been unjustly enriched. In equity and good conscience, MSHDA should be required to disgorge any such value to LBSF.

## PRAYER FOR RELIEF

WHEREFORE, LBSF respectfully requests that judgment be entered awarding LBSF monetary damages in an amount to be determined at trial, plus applicable Accrued Interest on the entire Termination Payment, calculated at the Applicable Rate and on the basis of daily compounding, from (and including) November 5, 2008 to (but excluding) the date on which the Termination Payment and all Accrued Interest thereon is paid and granting such other and further relief, including interest, costs and attorneys' fees, as the Court deems just and proper; or, in the alternative, awarding actual damages resulting from MSHDA's unjust enrichment.

Dated: New York, New York
January 13, 2010

/s/ Anthony J. Albanese
Anthony J. Albanese (AA 2595)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and Defendants Lehman Brothers Derivative Products Inc. and Lehman Brothers Holdings Inc. and Debtor, Defendant and Counterclaim Plaintiff Lehman Brothers Special Financing Inc.