# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
|     Debtors. | (Jointly Administered) |
| MICHIGAN STATE HOUSING DEVELOPMENT AUTHORITY, a public body corporate, | |
|     Plaintiff/Counterclaim Defendant, | Dist. Ct. No. 11-_____ |
| v. | Bankr. Ct. Adv. Proc. No. 09-01728 |
| LEHMAN BROTHERS DERIVATIVE PRODUCTS INC. and LEHMAN BROTHERS HOLDINGS INC., | |
|     Defendants, | |
|         and | |
| LEHMAN BROTHERS SPECIAL FINANCING, INC., | |
|     Defendant/Counterclaim Plaintiff, | |
|         and | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | |
|     Intervening Defendant/Counterclaim Plaintiff. | |

**TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

## MICHIGAN STATE HOUSING DEVELOPMENT
## AUTHORITY'S MOTION TO WITHDRAW THE REFERENCE

Defendant Michigan State Housing Development Authority ("MSHDA") hereby moves this Court, pursuant to 28 U.S.C. § 157(d), Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, and Rule 5011-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York, to withdraw the reference in the above-captioned adversary proceeding (the "Adversary Proceeding").

In *Lehman Brothers Special Financing Inc. v. BNY Corporate Trustee Services Ltd.*, 422 B.R. 407 (Bankr. S.D.N.Y. 2010), the bankruptcy court offered a surpassingly broad construction of the Bankruptcy Code's prohibition on "*ipso facto*" provisions—one that this Court held had "far-reaching ramifications for the international securities markets" and gave rise to "significant uncertainty" in the financial community by calling into question billions of dollars in securitization transactions. *See* Decision and Order Granting BNY Corporate Trustee Services Limited's Motion For Leave to Appeal *Lehman Bros. Special Fin. Inc. v. BNY Corporate Tr. Servs. Ltd.*, S.D.N.Y. M-47 (CM) (Sept. 20, 2010). To address that uncertainty, this Court granted leave to hear an interlocutory appeal, explaining that the decision's "potentially game-changing effect on the structured finance business [militates] in favor of reviewing the decision *now*—not months, or even years, from now." *Id.* (emphasis in original). Following this Court's decision, however, the parties to that appeal settled, leaving the *BNY Corporate Trustee* decision on the books. In the meantime, of course, the bankruptcy court continues to follow the same reasoning. *See, e.g., Lehman Bros. Special Fin. Inc. v. Ballyrock ABS CDO 2001-1 Ltd.*, No. 09-01032 (Bankr. S.D.N.Y. May 12, 2011).

As explained in the attached Memorandum in Support, withdrawing the reference in this Adversary Proceeding would permit this Court opportunity to consider these issues, thus providing the certainty to the financial markets that the Court sought to provide by granting interlocutory review.

Withdrawing the reference in this Adversary Proceeding is of course well within this Court's discretion under 28 U.S.C. § 157(d). In determining whether to withdraw the reference for "cause," courts consider a number of factors, including "(1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are

the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors." *S. St. Seaport Ltd. P'ship v. Burger Boys (In re Burger Boys)*, 94 F.3d 755, 762 (2d Cir. 1996); *see Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993). Here, these factors counsel strongly in favor of withdrawing the reference. Indeed, courts have long recognized that withdrawal of the reference is particularly appropriate in cases presenting important unresolved legal issues in which withdrawal will broadly serve the objectives of "judicial economy" by avoiding "protracted uncertainty." *In re Chateaugay Corp.*, 86 B.R. 33, 39 (S.D.N.Y. 1987).

Accordingly, for the reasons above and in the attached Memorandum in Support, this Court should withdraw the reference over this dispute and set a schedule providing for the expeditious resolution of this matter on summary judgment.

Dated:  May 17, 2011

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>/s/ Craig Goldblatt<br>Craig Goldblatt (CG 6793)</td></tr>
<tr><td>Michael Murphy<br>Jennifer M. Jackson<br>Assistant Attorney General<br>State Operations Division<br>Michigan Department of Attorney General<br>P.O. Box 30754<br>Lansing, Michigan 48909<br>Tel: (517) 373-1162<br>Fax: (517) 373-2060</td><td>Danielle Spinelli (DS 7097)<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>1875 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20006<br>(202) 663-6000<br><br>Jeannette Boot<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>399 Park Avenue<br>New York, NY  10022<br>(212) 230-8800</td></tr>
</table>

*Counsel for Michigan State Housing Development Authority*